**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| HEATHER WINESBURG, | ) | |
| on behalf of herself and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 22-4157 |
| STEPHANIE MORRIS NISSAN, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHANIE MORRIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROBBIE HOWARD | ) | |
| | ) | |

Serve at:
   3600 S. Limit Ave.
   Sedalia, Missouri 65301-0503,

Defendants.

## PETITION

**COMES NOW** the Plaintiff, Heather Winesburg, on behalf of herself and all others similarly situated, by and through counsel, and submits this Petition against Stephanie Morris Nissan, LLC, Stephanie Morris, individually as joint employer, and Robbie Howard individually as joint employer. Plaintiff Winesburg hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b), for violation of Missouri wage laws under RSMO 290.500, *et seq.*, and for Wage-Related Claims Pursuant to Mo. Rule 52.08, as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendants Stephanie Morris Nissan, LLC,

1

Stephanie Morris and Robbie Howard for unpaid compensation due for overtime work, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

2.      Defendants' practices and policies are to willfully fail and refuse to properly pay compensation due Plaintiff, and all other similarly situated employees, who work or worked for Defendants.

3.      Defendants' office managers were required to perform work, including logging purchases, making deposits, filling out paperwork, researching data, answering phones, training employees on Defendants' software systems and implementing company policies and practices for Defendants without being fully compensated for such time by Defendants. Said work often caused Plaintiff to work in excess of 40 hours in a workweek. Defendants knew that Plaintiff often worked overtime yet Defendants failed to compensate Plaintiff overtime premiums for the work she performed. Defendants failed, and continues to fail, to compensate these employees for all time performing compensable work. Doing so denies such persons compensation overtime pay, and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Missouri wage laws under RSMO 290.500, *et seq.*

4.      Defendants' practices are in direct violation of the FLSA and Missouri wage laws and Plaintiff seeks compensation on behalf of herself and all others similarly situated for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## **PARTIES**

5.      Plaintiff Heather Winesburg ("Plaintiff Winesburg") is a resident of Johnson County, Missouri and was employed by Defendants as an Office Manager. Plaintiff was employed by the

2

Defendants from approximately June 7, 2022 to September 1, 2022. Plaintiff Winesburg's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit "A."

6.       Defendant Stephanie Morris Nissan is a car dealership with its principal place of business in Dallas Texas. Defendants operate a Nissan dealership in Sedalia Missouri. Defendant Stephanie Morris Nissan employed Plaintiff, and others similarly situated as office managers throughout Missouri, and Texas .

7.       Defendant Stephanie Morris is the owner or an owner of Stephanie Morris Nissan, LLC.

8.       Defendant Robbie Howard is the floor manager of Stephanie Morris Nissan, LLC in Sedalia.

9.       At all times described herein, Stephanie Morris Nissan, LLC, Defendant Morris, and Defendant Howard were employers of Plaintiff Winesburg and all other similarly situated employees under the meaning of the term "employer" defined by the Fair Labor Standards Act (29 U.S.C. § 203(d)) and the Missouri wage laws (Mo. Rev. Stat. § 290.500(4)).

## JURISDICTION AND VENUE

10.       This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

11.       This Court has personal jurisdiction because Defendants have been conducting business in Missouri, and Plaintiff was an employee, working for Defendant, within this judicial district.

12.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and have substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. At all relevant times, Defendants have each been an "employer" engaged in interstate

"commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

13.     At all relevant times, Defendants each have employed "employee[s]," including each of the putative representative action plaintiffs.

14.     At all relevant times, Plaintiff and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which were enterprises engaged in commerce.

15.     Upon information and belief, at all times relevant herein, Defendants have had annual gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

16.     Alternatively, at all times relevant herein, Plaintiff, and other putative class members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

## COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

18.     Plaintiff brings Count I, the FLSA claim for Office Managers, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and of the following class of persons:

> All persons who were, or are, or will be employed by Defendants as salary exempt office managers within three years from the commencement of this action who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

19.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

20.     Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendants' FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

4

21.     To the extent required by law, notice will be provided to said individuals via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I – FLSA CLAIM

22.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

23.     Plaintiff was formerly employed as a salaried office Manager by Defendants and worked from their office location in Sedalia, Pettis County, Missouri.

24.     Defendants Stephanie Morris Nissan, LLC, Stephanie Morris, and Robbie Howard have, at all relevant times herein, acted directly or indirectly in the interest of an employer with respect to Plaintiff and the putative collective class members.

25.     During the relevant period, Defendants Morris and Howard played an active role in the day-to-day operations of Stephanie Morris Nissan, LLC.

26.     Defendant Stephanie Morris, at all relevant times, has been the owner of Stephanie Morris Nissan, LLC, and has had the authority to control the daily operations of Stephanie Morris Nissan, LLC.

27.     During the relevant period, Robbie Howard was a manager for Stephanie Morris Nissan, LLC, and had the authority to control the daily operations of Stephanie Morris Nissan, LLC.

28.     During the relevant period, Defendants Howard and Morris determined rates of pay for office Managers.

29.     During the relevant period, Defendants Morris and Howard were responsible for the ultimate decisions about hiring and firing of office managers.

30.     Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

31.     Plaintiff and others similarly situated were not properly compensated for this work at

the applicable overtime premiums that are due and owing.

32. During her employment, Defendants classified Plaintiff salary-exempt, and failed to compensate Plaintiff and all others similarly situated at a rate not less than one and one half times the regular rate of pay for all hours worked in excess of 40 in a workweek.

33. Defendants employs/employed other office managers, like Plaintiff, who were treated as salary-exempt employees as that term is defined under the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

34. Said office managers (or employees with other titles) often worked and/or continue to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

35. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

36. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires these employees to perform work in excess of 40 hours in a workweek without payment of wages at a rate of time and a half. This policy and/or practice denies similarly situated employees their overtime compensation.

37. Plaintiff brings this Petition as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated for all hours worked, including overtime compensation at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

38. This Petition is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because their claims are similar

to the claims of the putative representative action Plaintiff.

39. The names and addresses of the putative representative action Plaintiffs are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

40. Defendants failed to compensate Plaintiff and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

41. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

42. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative representative action Plaintiffs, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other relief as the Court deems just and proper.

43. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed putative representative action Plaintiffs, prays for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA

opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. §216(b);

b.    Designation of Plaintiff Winesburg as Representative Plaintiff of the putative representative action plaintiffs;

c.    An award of damages for unpaid wages and overtime compensation due to the Plaintiff and the putative representative action Plaintiffs, to be paid by Defendants;

d.    An award of liquidated damages for overtime compensation due to the Plaintiff and the putative representative action to be paid by Defendants;

e.    Pre-Judgment and Post-Judgment Interest as provided by law;

f.    Plaintiff's Costs and expenses of this action incurred herein including expert fees;

g.    Reasonable attorneys' fees; and

h.    Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II –FAILURE TO PAY EARNED WAGES AND OVERTIME
### (RSMO 290.500, *et seq.*)

44.    Plaintiff incorporates by reference the foregoing paragraphs of this First Amended Petition.

45.    At all times material herein, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, *et seq.*

46.    Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

47.    As alleged above, and incorporated herein, Defendants Stephanie Morris Nissan, LLC,

8

Morris and Howard have, at all relevant times herein, acted directly or indirectly in the interest of an employer with respect to Plaintiff and the putative collective class members.

48.    Defendants are subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because the Defendants are employers in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff and other similarly situated employees of Defendants are employees under Mo. Rev. Stat. § 290.500(3).

49.    Defendants violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for wages and overtime. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

50.    Plaintiff and all similarly situated employees are victims of an unlawful and entity-wide compensation policy.  Defendants continue to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

51.    Plaintiff and all similarly situated employees are entitled to their actual damages and damages equal to twice the amount of unpaid wages for the unrecorded and unpaid time worked and for overtime premium pay within the two years preceding the filing of this First Amended Petition, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited.

52.    As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendants from Plaintiff and other similarly situated employees for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional penalty of twice the amount of damages as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees, demand judgment against Defendants, and prays for relief as follows:

a.      A declaration that Defendants are financially responsible for notifying all Missouri Class Members of its alleged wage and hour violations;

b.      Designation of The Hodgson Law Firm, LLC and Rahm, Rahm, and McVay, P.C., as the attorneys representing the Missouri Op Ins;

c.      A declaratory judgment that the practices complained of herein are unlawful under the Missouri wage laws;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, including without limitation Defendants Morris and Howard, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.      An award of damages for wages and overtime compensation due for Plaintiff and Missouri opt ins, including double or penalty damages required under Missouri law, to be paid by Defendants;

f.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g.      Penalties for failing to timely pay wage and pre-judgment and post-judgment interest, as provided by Missouri law.

### COUNT III– UNJUST ENRICHMENT

53.      Plaintiff realleges and incorporates by reference each and every averment of this First Amended Petition as though fully set forth herein.

54.      Defendants have been enriched through making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants were enriched at the

10

expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

55.    Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

56.    It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff and all similarly situated employees, demand judgment against Defendants, and prays for relief as follows;

a.    for an award of compensatory damages;

b.    pre-judgment and post-judgment interest as provided by law; and

c.    for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.


Respectfully submitted,


**THE HODGSON LAW FIRM, LLC**

*/s/ Michael Hodgson*
Michael Hodgson        MO # 63677
mike@thehodgsonlawfirm.com
3609 SW Pryor Road
Lee's Summit, MO 64082
(Tel) 816-600-0117
(Fax) 816-600-0137

**RAHM, RAHM & McVAY, P.C.**

By:    /s/ Kirk Rahm
KIRK RAHM        MO #22530

11

511 Foster Lane
Warrensburg, MO  64093
(660) 747-5152; (660) 747-1242 (facsimile)
*rahmlaw@gmail.com*

**ATTORNEYS FOR PLAINTIFF**