IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HEATHER WINESBURG, *on behalf of* Herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 2:22-cv-04157-MDH ) |
| STEPHANIE MORRIS NISSAN, LLC, STEPHANIE MORRRIS and ROBBIE HOWARD | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court are Defendant Stephanie Morris' and Defendant Robbie Howard's 12(b)(6) Motions to Dismiss for failure to state a claim. Plaintiff responded and Defendants Morris and Howard replied in turn. The Court has reviewed all briefing. For reasons herein, Defendants Morris and Howards Motions to Dismiss are **DENIED**.

## BACKGROUND

Plaintiff was employed as an office manager at a Nissan dealership in Sedalia, Missouri. Plaintiff further alleges Defendant Howard managed Stephanie Morris Nissan, LLC and Defendant Morris owned the dealership. Plaintiff alleges the Fair Labor Standards Act ("FLSA") as well as the Missouri Minimum Wage and Hour Law ("MWHL") entitle Plaintiff to overtime pay when she works more than forty hours weekly. Despite this obligation, Plaintiff alleges, Defendants failed to pay overtime, though she sometimes worked more than forty hours weekly. Plaintiff seeks collective action certification for other employees similarly situated. Plaintiff brings three counts against Defendants. Count One alleges FLSA violations based on failure to pay overtime. Count

1

Two alleges MWHL violations for failure to pay overtime. Count Three argues unjust enrichment for the same alleged failure.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When assessing a complaint for a 12(b)(6) motion, the court considers the complaint itself and documents necessarily embraced by the pleadings. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).

## ARGUMENT

Defendants Morris and Howard each bring the same arguments in their respective Motions to Dismiss. First, Defendants Morris and Howard argue that Plaintiff has failed to state a claim on which relief can be granted because Plaintiff has failed to allege facts sufficient to show that Defendants Morris and Howard were Plaintiff's "employers," as required by the FLSA and

2

MWHL. Second, Defendants Morris and Howard argue Plaintiff has simply failed to allege facts sufficient to establish a *prima facie* unjust enrichment claim. The Court will address each argument in turn.

I. **Plaintiff has alleged sufficient facts to establish that Defendants Morris and Howard constitute Plaintiff's "employer" for FLSA and MWHL purposes**

Text of both the FLSA and MWHL make clear that an employer-employee relationship is necessary. 29 U.S.C. § 216; Mo. Ann. Stat. § 290.525. To determine whether such a relationship exists, Courts typically consider the "economic reality" of the relationship between plaintiffs and defendants, rather than other technical concepts. *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961). To that end, Eighth Circuit Courts usually consider four factors: "(1) whether the alleged employer had the power to hire and fire the plaintiff; (2) whether the alleged employer supervised and controlled plaintiff's work schedules or conditions of employment; (3) whether the alleged employer determined the rate and method of payment; and (4) whether the alleged employer maintained plaintiff's employment records." *Walsh v. Levering Reg'l Health Care Ctr., L.L.C.,* No. 4:21CV182 HEA, 2022 WL 670138, at *3 (E.D. Mo. Mar. 7, 2022) (citations omitted). These factors are not exhaustive and no single factor is dispositive. *Childress v. Ozark Delivery of Missouri L.L.C.*, 95 F. Supp. 3d 1130, 1139 (W.D. Mo. 2015) (citations omitted). Rather, Courts rely on the economic reality test to glean insight into the totality of the circumstances. *Id*.

Plaintiff's complaint alleges, *inter alia*, "Defendants Morris and Howard played an active role in the day-to-day operations of Stephanie Morris Nissan, LLC." (Doc 1 at ¶ 25). At all relevant times, Plaintiff alleges, Defendant Morris has owned "Stephanie Morris Nissan, LLC, and has had the authority to control the daily operations of Stephanie Morris Nissan, LLC." (Doc. 1 at ¶ 26).

Plaintiff likewise alleges Defendant Howard was a manager at Stephanie Morris Nissan LLC who had authority to control daily operations. (Doc. 1 at ¶ 27). Plaintiff further claims, "Defendants Howard and Morris determined rates of pay for office Managers" and that they "were responsible for the ultimate decisions about hiring and firing of office managers." (Doc. 1 at ¶¶ 28-29).

Defendants claim these allegations amount to mere legal conclusions. It is plain, however, Plaintiff's allegations as to whether Defendants Morris and Howard constitute "employers" are sufficient to survive a 12(b)(6) motion. Plaintiff has not simply alleged that Defendants Morris and Howard operate as her employers. Rather, Plaintiff has alleged that Defendants Morris and Howard had control over daily operations of Stephanie Morris Nissan, LLC; made hiring and firing decisions; and determined pay for office managers. These constitute alleged facts that speak to the legal conclusion, and required element of Plaintiff's Count One and Two claims, that Defendants Morris and Howard acted "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff is not required to plead with specificity each element of the economic reality test. Rather, the economic reality test is simply a tool to assist in determining whether the totality of the circumstances shows that plaintiffs have adequately asserted defendants constitute an employer. *Childress* at 1139.

Precedent cited by Defendants Morris and Howard is at times more harmful than helpful to Defendants' arguments. For example, Defendants Morris and Howard cite *Ash v. Anderson Merchandisers* for the proposition that "a petition that fails to allege that the purported employer hired or fired the plaintiff, controlled the plaintiff's work schedule or conditions of employment, or maintained employment records fails to state a claim on which relief can be granted." (Docs. 9, 11 at 4). *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015) (affirming 12(b)(6) dismissal of complaint that alleged employer status only because defendants were part of

4

"integrated enterprise"). Defendants Morris and Howard misstate not only the *Ash* holding, but also the pleading requirement. In *Ash*, the Eighth Circuit upheld the trial court's 12(b)(6) dismissal of a complaint alleging merely that defendants constituted employers because they were part of an "integrated enterprise" that "shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control." *Ash* at 961. The Eighth Circuit found the claim that various defendants were employers because they worked together as an "integrated enterprise" to amount to an insufficient conclusory allegation. Contrary to Defendants Morris and Howard's claims, however, the Eighth Circuit did not prescribe specific facts plaintiffs must plead to show defendants count as employers. Further, Plaintiff's complaint offers significantly more specificity that the complaint at issue in *Ash*.

Defendants Morris and Howard also cite to *Larson v. Isle of Capri Casino* for the proposition that "Plaintiff must provide sufficient facts that [Defendants Morris and Howard] had the authority to hire and fire Plaintiff." (Docs. 9 at 6 and 11 at 7). *See Larson v. Isle of Capri Casinos, Inc.*, No. 16-00902-CV-W-ODS, 2018 WL 6495074, (W.D. Mo. Dec. 10, 2018) (applying four economic reality test factors and considering additional factors that speak to employer status at summary judgment stage). Again, however, Defendants Morris and Howard have misstated the holding and the pleading requirements. First, *Larson* involves a summary judgment motion, not a 12(b)(6) motion to dismiss, thereby proving limited in its relevance to the instant matter. Second, nothing in *Larson* could reasonably lead to the conclusion that failure to plead that a defendant lacked hiring and firing power over Plaintiff indicates an insufficient pleading. The Court in *Larson* specifically noted that the four factors considered in the economic reality test are not exhaustive and no single factor is dispositive. *Larson* at 4. Third, in the instant matter, Plaintiff in fact pled that "Defendants Morris and Howard were responsible for the ultimate

5

decisions about hiring and firing of office managers." (Doc. 1 at ¶ 29). This allegation constitutes, of course, not a legal conclusion, but a fact that speaks to Defendants Morrison and Howard being employers, thereby working to ensure Plaintiff has met her pleading requirement.

Defendant Howard also cites to *Walsh v. Levering Regional Health Care Center*, claiming Plaintiff has pled insufficient facts to "support a conclusion that Defendant Morris supervised and controlled Plaintiff's work schedule or condition of employment." (Doc. 9 at 7-8). *See Walsh v. Levering Reg'l Health Care Ctr., L.L.C.*, No. 4:21CV182 HEA, 2022 WL 670138, at *3 (E.D. Mo. Mar. 7, 2022) (granting 12(b)(6) motion where complaint alleges defendant is employer only because of control over payroll decisions). Defendant Howard claims that the complaint at issue in *Walsh* is "strikingly similar" with "nearly identical language." (Doc. 9 at 8). This is incorrect. In *Walsh*, the plaintiff pled only that the defendant, "controls the conditions of employment of Levering Regional employees through his ultimate decision-making authority concerning payroll policies and procedures." (Compl. at ¶ 4). Unlike Plaintiff in the instant matter, the *Walsh* plaintiff alleged no facts regarding the defendant's control over rates of pay, hiring and firing, and active role in daily operations. This demonstrates, rather clearly, that Defendant Howard's claim about identical language is meritless.

As to Count Two's MWHL claims, Plaintiff argues Missouri state courts apply the same economic reality test, but they also consider "whether the alleged employer's premises and equipment were used for plaintiff's work." *Vance v. Johnson*, 591 S.W.3d 2, 8 (Mo. Ct. App. 2019) (citing *Fields v. Advanced Health Care Mgmt. Servs.,* 340 S.W.3d 648, 654 (Mo. App. 2011). Defendants Morris and Howard suggest, without specifically claiming, failure to plead facts regarding the employer's equipment and premises should lead to automatic dismissal of Count Two. Defendants Morris and Howard, however, cite no precedent, nor is this Court aware of any,

6

suggesting Missouri courts employ the economic reality test more strictly than federal courts. Like federal courts, Missouri state courts appear to treat no single factor as dispositive, including the additional equipment and premises factors. *See Tolentino v. Starwood Hotels & Resorts Worldwide Inc.*, 437 S.W.3d 754, 758 (Mo. 2014) (discussing flexibility with respect to factors assessed in economic reality test). Regardless, Plaintiff has pled sufficient facts concerning the premises factor considered by Missouri courts. As Defendant Howard acknowledges, Plaintiff has pled that Defendant Howard served as a manager at Stephanie Morris Nissan LLC. (Doc. 1 at ¶¶ 27, 44). Plaintiff has also alleged that Defendant Morris owns Stephanie Morris Nissan, LLC (Doc. 1 ¶¶ 26, 44). Plaintiff also alleges she worked "from [Defendants'] office location in Sedalia, Pettis County, Missouri." (Doc. 1 at ¶ 23). Beyond other factual allegations discussed previously, these additional allegations speak to whether and how Plaintiff used Defendants' premises for Plaintiff's work. Taken together, these allegations help to show Plaintiff has sufficiently pled a *prima facie* MWHL claim.

To the extent Plaintiff's complaint could have alleged additional facts to show the employer status of Defendants Morris and Howard, this Court finds no additional specificity is necessary and Plaintiff has adequately stated a plausible right to relief. This is consistent with the Eighth Circuit's holding in *Ash*. *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015) ("[plaintiffs] were not required to determine conclusively which of the three defendant companies was their employer at the pleadings stage or describe in detail the employer's corporate structure, which they contend was not within their ability to know so early in the litigation").

## II. Plaintiff has pled a *prima facie* unjust enrichment claim

Under Missouri law, unjust enrichment requires, "(1) a benefit conferred by a plaintiff on a defendant; (2) the defendant's appreciation of the fact of the benefit; and (3) the acceptance and retention of the benefit by the defendant under circumstances in which retention without payment would be inequitable." *Rental Co., LLC v. Carter Grp., Inc.,* 399 S.W.3d 63, 67 (Mo. Ct. App. 2013) (citations omitted). Defendant Howard argues Plaintiff has failed to plead sufficient facts showing Defendant Howard, who, Defendant Howard argues, is merely another employee of Stephanie Morris Nissan, LLC, has in fact benefited from the alleged failure to pay overtime. Defendant Morris similarly argues Plaintiff has failed to sufficiently allege that Defendant Morris, independent from Stephanie Morris Nissan, LLC, has benefited from alleged failure to pay overtime. Collectively, Plaintiff alleges the following as related to her unjust enrichment claim.

> 54. Defendants have been enriched through making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants were enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.
>
> 55. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.
>
> 56. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees. (Doc. 1 at ¶¶ 54-56).

The Court agrees Plaintiff's specific allegations as to how Defendants Morris and Howard have *personally* benefited from the alleged failure to pay Plaintiff overtime remain thin. This is particularly true as to Defendant Howard, who Plaintiff alleges is a manager of Stephanie Morris LLC. It remains entirely plausible, however, the benefit of discovery may reveal Defendant Howard's compensation hinges to some extent on the profitability of Stephanie Morris Nissan,

LLC. This may, in turn, establish a clear nexus between the alleged intentional withholding of salary owed and Defendant Howard's personal benefit. On the other hand, Plaintiff alleges Defendant Morris *owns* Stephanie Morris Nissan, LLC, thereby making it reasonable to believe Defendant Morris may realize a personal financial benefit from paying employees less. Regardless, for purposes of a 12(b)(6) motion, Plaintiff's allegation that Defendants have been enriched specifically through Defendants' alleged intentional withholding of funds owed is sufficient.

## CONCLUSION

For foregoing reasons, Defendants Morris and Howard's Motions to Dismiss are **DENIED**.

**IT IS SO ORDERED.**

Dated: June 8, 2023                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **United States District Judge**