UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HEATHER WINESBURG, On behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 2:22-cv-04157-MDH |
| STEPHANIE MORRIS NISSAN, LLC, STEPHANIE MORRIS, and ROBBIE HOWARD | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT STEPHANIE MORRIS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

Defendant Stephanie Morris ("Defendant Morris"), by and through undersigned counsel, and for her Answer and Affirmative Defenses to Plaintiff Heather Winesburg's Petition ("Petition"), states as follows:

## PRELIMINARY STATEMENT

1. Defendant Morris admits the Petition purports to bring certain class and collective claims against Defendant Morris by Plaintiff who alleges she worked for Defendant Stephanie Morris Nissan, LLC ("Defendant SM Nissan"), but Defendant Morris denies she has engaged in any unlawful practices, including, but not limited to, nonpayment of minimum wage and/or overtime compensation. Defendant Morris denies all remaining allegations set forth in Paragraph 1 of the Petition.

2. Defendant Morris denies all allegations set forth in Paragraph 2 of the Petition.

3. Defendant Morris admits that Plaintiff worked for Defendant SM Nissan at the Sedalia, Missouri dealership, and was responsible for numerous managerial duties crucial to the

1

operations of the Sedalia, Missouri dealership. Defendant Morris denies all remaining factual allegations in Paragraph 3 of the Petition. The remainder of Paragraph 3 contains statements of law to which no response is required. To the extent a response is required, Defendant Morris denies each and every remaining allegation in Paragraph 3 of the Petition.

4. To the extent the allegations in Paragraph 4 of the Petition state a legal conclusion, no response is necessary. To the extent a response is required, Defendant Morris denies the allegations set forth in Paragraph 4 of the Petition. Defendant Morris denies that Plaintiff's claims pursuant to the FLSA have any merit whatsoever.

## PARTIES

5. Defendant Morris admits that Plaintiff was employed by SM Nissan as an Office Manager in Sedalia, Missouri between approximately June 7, 2022, and September 6, 2022. Defendant Morris lacks sufficient information regarding Plaintiff's residency and, therefore denies the same.

6. Admit regarding Stephanie Morris Nissan, LLC's principal place of business in Dallas, Texas, and operation of a dealership in Sedalia, Missouri. Defendant Morris denies that there are similarly situated office managers in Missouri and Texas.

7. Admit.

8. Admit that Defendant Robbie Howard served as the General Manager of the Stephanie Morris Nissan, LLC Sedalia, Missouri location during Plaintiff's period of employment.

9. Paragraph 9 of the Petition states conclusions of law to which no response is required. To the extent a response is required, Defendant Morris denies all allegations contained in Paragraph 9 of the Petition.

## JURISDICTION AND VENUE

10. To the extent the allegations in Paragraph 10 of the Complaint state a legal conclusion, no response is necessary. To the extent a response is required, Defendant Morris admits that this Court would have federal question jurisdiction over it for any claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Further, Defendant Morris denies that Plaintiff's claims pursuant to the FLSA have any merit whatsoever.

11. Paragraph 11 states legal conclusions to the which no response is required. Defendant Morris admits that Stephanie Morris Nissan, LLC employed Plaintiff and conducts business in the State of Missouri.

12. Defendant Morris denies that SM Nissan has substantial business contacts with Jackson County, Missouri. Stephanie Morris Nissan, LLC's Sedalia, Missouri dealership is located in Johnson County, Missouri. Defendant Morris admits that Stephanie Morris Nissan, LLC has engaged in interstate commerce. Defendant Morris denies the remaining allegations within Paragraph 12 of the Petition.

13. Defendant Morris is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 13 of the Petition that Plaintiff was employed "at all relevant times" as it is not clear what Plaintiff means by this, and therefore denies the same. To the extent Paragraph 13 of the Petition alleges Defendant Morris committed any actionable offenses during this time frame, Defendant Morris denies the same.

14. Defendant Morris is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 14 of the Petition, and, therefore, denies the same.

15. Defendant Morris is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 15 of the Petition that Defendant SM Nissan

"had annual gross operating revenues in excess of $500,000.00…at all times relevant" as it is not clear what Plaintiff means by this, and therefore denies the same.

16. Paragraph 16 of Plaintiff's Petition contains a statement of law to which no response is required. To the extent any response is required, Defendant Morris denies the allegations in Paragraph 16.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

17. Defendant Morris adopts and incorporates its Answers to Paragraphs 1 through 16 of the Petition as if fully stated herein.

18. Paragraph 18 of Plaintiff's Petition is not directed toward Defendant Morris and therefore no response is required.

19. Admit.

20. Defendant Morris asserts that there are no similarly situated employees to Plaintiff. Paragraph 20 of Plaintiff's Petition is otherwise not directed at Defendant Morris and therefore no response is required.

21. Paragraph 21 of Plaintiff's Petition is not directed toward Defendant Morris and therefore no response is required.

## COUNT I - FLSA CLAIM

22. Defendant Morris adopts and incorporates her Answers to Paragraphs 1 through 21 of the Petition as if fully stated herein.

23. Defendant Morris admits only that Plaintiff was formerly employed by Defendant SM Nissan as a salaried Office Manager at the Sedalia, Missouri dealership. Defendant Morris denies the remaining allegations in Paragraph 23 of the Petition.

24. Paragraph 24 of Plaintiff's Petition contains a statement of law to which no response is required. To the extent any response is required, Defendant Morris denies the allegations in Paragraph 24.

25. Defendant Morris denies the allegations set forth in Paragraph 25 of Plaintiff's Petition.

26. Defendant Morris admits only that Stephanie Morris owns Stephanie Morris Nissan, LLC. Defendant Morris denies the remaining allegations set forth in Paragraph 26 of Plaintiff's Petition.

27. Defendant Morris admits only that Defendant Robbie Howard served as the General Manager of the SM Nissan Sedalia, Missouri location during the relevant course of Plaintiff's employment. Defendant Morris denies the remaining allegations set forth in Paragraph 27 of Plaintiff's Petition.

28. Defendant Morris denies the allegations set forth in Paragraph 28 of Plaintiff's Petition.

29. Defendant Morris denies the allegations set forth in Paragraph 29 of Plaintiff's Petition.

30. Defendant Morris denies the allegations set forth in Paragraph 30 of Plaintiff's Petition.

31. Defendant Morris denies the allegations set forth in Paragraph 31 of Plaintiff's Petition.

32. Defendant Morris admits that Plaintiff was classified as salary-exempt due to her administrative duties, master's level education, and prior experience which justified her exempt status. Defendant Morris denies all other allegations in Paragraph 32 of Plaintiff's Petition.

33. Plaintiff asserts legal conclusions by classifying unnamed employees under conclusory legal terms such as "similarly situated," and therefore no response is required. To the extent a response is required, Defendant Morris denies each allegation in Paragraph 33 of Plaintiff's Petition.

34. Plaintiff asserts legal conclusions by classifying unnamed employees under conclusory legal terms such as "similarly situated", and therefore no response is required. To the extent a response is required, Defendant Morris denies each allegation in Paragraph 34 of Plaintiff's Petition.

35. Defendant Morris admits that Defendant SM Nissan is subject to requirements under FLSA.

36. Paragraph 36 of Plaintiff's Petition contains legal conclusions, including incorrect statements of law, and therefore no response is required. To the extent a response is required, Defendant Morris denies each allegation in Paragraph 36 of the Petition.

37. To the extent the allegations set forth in Paragraph 37 of the Petition state a legal conclusion, no response is necessary. Defendant Morris is without sufficient information or knowledge to form a belief as to who Plaintiff considers "employees" and/or "similarly situated employees" and, therefore, denies the same.

38. Defendant Morris denies that there are similar claims as claimed by Plaintiff as set forth in Paragraph 38 of the Petition.

39. Defendant Morris is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 39 of Plaintiff's Petition and, therefore, denies the same.

40. Defendant Morris denies every allegation contained in Paragraph 40 of Plaintiff's Petition.

41. Defendant Morris denies every allegation contained in Paragraph 41 of Plaintiff's Petition.

42. Defendant Morris denies that she has engaged in any actionable conduct and otherwise denies every allegation contained in Paragraph 42 of Plaintiff's Petition.

43. Defendant Morris denies that Plaintiff is entitled to any recovery whatsoever, and further denies she has engaged in any actionable conduct, and otherwise denies every allegation contained in Paragraph 43 of the Petition

**WHEREFORE**, having fully answered Plaintiff's Count I, Defendant Stephanie Morris denies that Plaintiff is entitled to the relief requested in their Prayer for Relief, including each and every subparagraph requested therein.

## COUNT II – FAILURE TO PAY EARNED WAGES AND OVERTIME
### (RSMO § 290.500, *et. seq.*)

44. Defendant Morris adopts and incorporates its answers to Paragraphs 1 through 44 of the Petition as if fully stated herein.

45. Defendant Morris admits that Plaintiff and any employees are entitled to relevant statutory labor and pay protections.

46. Admit.

47. Defendant Morris is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 47 of Plaintiff's Petition that Defendants Morris and Howard were acting "in the interest of any employer" "at all relevant times" as it is not clear what Plaintiff means by this, and therefore denies the same. To the extent Paragraph 47 of

7

the Petition alleges Defendant Morris committed any actionable offenses during this time frame, Defendant Morris denies the same.

48. To the extent the allegations set forth in Paragraph 48 of Plaintiff's Petition state a legal conclusion, no response is necessary. To the extent a response is required, Defendant Morris admits that Defendant SM Nissan admits it is subject to relevant state and federal wage and labor laws, but denies the remaining allegations set forth in Paragraph 48 of Plaintiff's Petition.

49. Defendant Morris denies the allegations set forth in Paragraph 49 of Plaintiff's Petition.

50. Defendant Morris denies the allegations set forth in Paragraph 50 of Plaintiff's Petition.

51. Defendant Morris denies the allegations set forth in Paragraph 51 of Plaintiff's Petition.

52. To the extent the allegations set forth in Paragraph 52 of the Petition state a legal conclusion, no response is necessary. To the extent a response is required, Defendant Morris denies the allegations set forth in Paragraph 52 of the Petition.

**WHEREFORE**, having fully answered Plaintiffs' Count II, Defendant Stephanie Morris denies that Plaintiff is entitled to relief requested in their Prayer for Relief, including each and every subparagraph requested therein.

## COUNT III – UNJUST ENRICHMENT

53. Defendant Morris adopts and incorporates its answers to Paragraphs 1 through 52 of Plaintiff's Petition as if fully stated herein.

54. Defendant Morris denies the allegations set forth in Paragraph 54 of the Petition.

55. Defendant Morris denies the allegations set forth in Paragraph 55 of the Petition.

56. Defendant Morris denies the allegations set forth in Paragraph 56 of the Petition, specifically that Defendant Morris has not engaged in any actionable conduct as described therein.

**WHEREFORE**, having fully answered Plaintiffs' Count III, Defendant Stephanie Morris denies that Plaintiff is entitled to relief requested in their Prayer for Relief, including each and every subparagraph requested therein.

## AFFIRMATIVE DEFENSES

1. Defendant Morris denies each and every allegation, count, claim, and prayer of the Petition which is not expressly and specifically admitted herein.

2. Plaintiff fails to state a claim upon which relief can be granted against Defendant Morris under the Petition.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations as to some or all of the purported collective action or class members.

4. Some or all of the damages alleged by Plaintiff are too speculative to be permitted and should be barred to the extent Plaintiff was not actually injured.

5. The claims in Plaintiff's Petition are barred by the doctrine of estoppel, waiver, consent, unclean hands, and laches, for reasons including, but not limited to, the extent Plaintiff did not accurately record hours worked or provide timely notice to Defendants of accurate hours worked.

6. Plaintiff's claims and the relief requested in the Plaintiff's Petition are barred by the doctrine of accord and satisfaction, for reasoning including, but not limited to, all amounts owed to Plaintiff have been fully paid or otherwise satisfied.

7. Plaintiff fails to allege, with respect to themselves and members of the putative collective, facts sufficient to allow for an award of additional wages, overtime wages, other pay,

liquidated damages, costs, attorneys' fees, or any other relief in law or equity pursuant to the FLSA, any states' law, or otherwise.

8. Defendant Morris denies it engaged in any wrongful or unlawful conduct whatsoever and denies that Plaintiff is entitled to any legal or equitable relief.

9. Plaintiff's claims are barred, in whole or in part, because Defendant Morris has substantially complied with any and all applicable statutes, regulations, and laws.

10. Plaintiff and/or the putative collective action or class action members were compensated at all times in accordance with applicable FLSA requirements.

11. Plaintiff and/or the putative collective action or class action members were compensated at all times in accordance with the applicable Missouri law.

12. Plaintiff's claims and/or the putative collective action or class action members are barred, in whole or in part, by the applicable limitations period.

13. Count I of Plaintiff's Petition is not properly brought as a collective action under Section 216 of the FLSA for reasons including, but not limited to, the members of the putative class are not similarly situated, disparity exists as to the factual and employment settings of the individual plaintiffs, the class is not so numerous that joinder of all members is impracticable, there are no common claims, issues or questions of law or fact, and any determination of liability and/or damages would require individualized inquiries and is not calculable on a class-wide basis. In addition, individualized issues predominate over any common issues that may exist, and Plaintiff will not fairly and adequately protect the interests of the putative class.

14. Plaintiff's claims and/or those of some or all the putative collective action or class action members are barred, in whole or in part, because actions taken in connection with their

compensation were done in good faith and with reasonable grounds to believe that the actions were not a violation of the FLSA.

15. Plaintiff's claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because Defendant Morris at all times acted in good faith to comply with the FLSA and had reasonable grounds for believing it was in compliance with the FLSA. Defendant Morris asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim for liquidated damages made by Plaintiff or any of the putative collective action or class action members. No act or omission of Defendant Morris which is alleged to violate the FLSA was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiff and/or the putative collective action or class action members therefore are not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA.

16. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, or res judicata. Prior to the filing of the Petition, Plaintiff and/or the putative collective action or class action members never raised the issued alleged in the Petition, despite numerous opportunities to do so, by bringing issues to the attention of Stephanie Morris Nissan, LLC's management. Because they never raised the issues alleged in the Petition, Defendant Morris continued to act in reasonable reliance upon their silence.

17. Plaintiff is not entitled to an award of prejudgment interest even if they prevail on any or all of her claims.

18. Plaintiff is not entitled to certification of any collective pursuant to 29 U.S.C. § 216(b) on claims under the FLSA because they have failed to make substantial allegations that the putative class members were together the victims of a single decision, policy or plan, or that considering their claims together would promote judicial efficiency.

19. Plaintiff's claims, including claims for attorneys' fees, are barred, in whole or in part, because they lack standing to pursue those claims on behalf of themselves and/or some or all of the putative collective action or class action members, and they cannot adequately represent the interests of the putative collective action or class action members.

20. Plaintiff is not entitled to certification of any collective pursuant to 29 U.S.C. § 216(b) on their claims under the FLSA because individual issues predominate over issues generally applicable to the collective action or class action.

21. To the extent that Defendant Morris failed to pay Plaintiff, or any putative class member, as required by law, which Defendant Morris specifically denies, such unpaid amounts were de minimis and therefore not cognizable and not recoverable, as servers did not regularly work over forty hours per week, or perform off the clock work, without being properly compensated.

22. Count II of Plaintiff's Petition is not properly brought as a class action including, but not limited to, the members of the putative class are not similarly situated, the class is not so numerous that joinder of all members is impracticable, there are no common claims, issues of questions of law or fact, and any determination of liability and/or damages would require individualized inquiries and is not calculable on a class-wide basis. In addition, individualized issues predominate over any common issues that may exist and require an analysis of each putative class member to determine liability and damages, and Plaintiff will not fairly and adequately protect the interests of the putative class.

23. The Court lacks or should decline supplemental jurisdiction over the state law claims under Missouri Wage Law and unjust enrichment asserted in Plaintiff's Petition.

24. The claims in Count II of Plaintiff's Petition are barred because Missouri's Wage and Hour Laws as set forth in Mo. Rev. Stat. § 290.500, et se., do not apply under the facts and circumstances presented in the Petition.

25. Certification of a collective action or class action would violate due process and the Federal Rules of Civil Procedure.

26. Subject matter jurisdiction is lacking over some or all of Plaintiff's claims, including, but not limited to, Plaintiff's attempt to assert putative class and collective actions which are inherently incompatible and therefore cannot be maintained in the same action.

27. Plaintiff and/or the putative collective action or class action members' claims are barred, in whole or in part, to the extent they failed to mitigate their damages.

28. Plaintiff's and/or the putative collective action or class action members' claims are barred by the Portal-to-Portal Act in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

29. Plaintiff's claims and those of the members of the putative collective they seek to represent are barred to the extent any activities are preliminary or postliminary activities as determined under the Portal-to-Portal Act.

30. Plaintiff and/or the putative collective action or class action members are exempt from, or fall within exemptions from or exception to, some or all wage requirements pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

31. Plaintiff and others with whom they are allegedly "similarly situated" are precluded from recovering any amounts from Defendant Morris because they were paid everything legally due under the FLSA and Missouri state law.

32. Plaintiff and/or some the putative collective action members are not entitled to any relief because they were not suffered or permitted to work during the time that forms the basis of their claims. Defendant did not and does not know of, or have reason to know of, Plaintiff or any putative collective members performing work that would disqualify them for exemption from state and federal overtime laws. Accordingly, any time allegedly spent performing such activities does not constitute hours worked or employment for which compensation is due.

33. If this Court were to certify this action as a collective action and award damages (which it should not), any award of liquidated, multiple, duplicate, or punitive damages would deny Defendant Morris due process of law.

34. Plaintiff's claims for liquidated damages, with respect to themselves or members of the putative collective are barred because Defendant Morris did not engage in any conduct that would rise to the level required to sustain an award of liquidated damages and/or because there is or was an active "dispute" regarding liability.

35. Plaintiff and/or those of the members of the putative collective they seek to represent are barred in whole or in part by res judicata, the terms of a settlement, or issue preclusion.

36. If Plaintiff or members of the putative collective they seek to represent, establish any violations under the FLSA and establish that any sums are due and owing, Defendant Morris is entitled to a set-off against the sum to the extent paid, tendered, waived, compromised, and/or

released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

37. Plaintiff's claims, and those of the members of the putative collective they seek to represent, for damages are duplicative; to the extent the damages for such claims are duplicative, such claims and damages fail and should be disregarded.

38. Defendant Morris is entitled to an offset against any damages awarded for amounts paid to Plaintiff, and/or retained by Plaintiff, or any putative collective they seek to represent, to which they were not otherwise entitled, including but not limited to wage overpayments.

39. To the extent Plaintiff or other members of the putative collective they seek to represent acted contrary to any employment policies, procedures or other employer instructions, Defendant Morris is not liable for any alleged damage caused thereby.

40. Any award of attorneys' fees or costs, which the Court should not award, must be "reasonable" or "reasonable and necessary," and must not include fees or costs related to time the attorneys spent advancing unsuccessful claims.

41. Defendant Morris asserts that no demand for the subject matter of this suit was made prior to its institution.

42. Plaintiff cannot establish that Defendant Morris functioned as an "employer" defined by the Fair Labor Standards Act (29 U.S.C. § 203(d)) and the Missouri wage laws (Mo. Rev. Stat. § 290.500(4)) and therefore fails to state a claim for which relief can be granted.

43. Defendant Morris reserves the right to further respond and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after-acquired evidence.

15

Case 2:22-cv-04157-MDH    Document 41    Filed 06/22/23    Page 15 of 17

## JURY TRIAL DEMAND

Defendant Stephanie Morris demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Stephanie Morris respectfully requests that judgment be entered in her favor, that Plaintiffs' Petition be dismissed with prejudice in its entirety, and that the Court enter an Order granting Defendant Stephanie Morris her attorneys' fees, costs, and expenses incurred in connection with defending this action, as well as such other relief that is just and equitable under the circumstances.

Respectfully Submitted:

**HALBROOK WOOD, P.C.**

/s/ *David M. Buffo*
Karen J. Halbrook    (MO #38919)
David M. Buffo    (MO #52693)
Andrew M. Serrone    (MO #73456)
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: khalbrook@halbrookwoodlaw.com
E-MAIL: dbuffo@halbrookwoodlaw.com
E-MAIL: aserrone@halbrookwoodlaw.com

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 22nd day of June, 2023, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send notice of the filing, and sent via email to:

Michael Hodgson     MO # 63677
3609 S.W. Pryor Road
Lee's Summit, Missouri 64082
TEL: (816) 600-0117
mike@elgkc.com
ATTORNEY FOR PLAINTIFFS

                                      /s/ *David M. Buffo*
                                      **ATTORNEY FOR DEFENDANTS**