IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HEATHER WINESBURG, *on behalf of* Herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STEPHANIE MORRIS NISSAN, LLC, STEPHANIE MORRRIS and ROBBIE HOWARD | ) ) ) ) |
| Defendants. | ) ) |

Case No. 2:22-cv-04157-MDH

## ORDER

Before the Court is Defendants' Motion for Summary Judgment. For reasons herein, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is denied as to Counts One and Two, but granted in favor of Defendants as to Count Three.

## BACKGROUND

Plaintiff was employed as an office manager-type role at Stephanie Morris Nissan, LLC ("the Dealership") in Sedalia, Missouri. Notably, Plaintiff worked for the Dealership for only a little more than two months, from June 7, 2022 until September 1, 2022. Plaintiff further alleges Defendant Howard managed Stephanie Morris Nissan, LLC and Defendant Morris owned the dealership. Plaintiff alleges the Fair Labor Standards Act ("FLSA") as well as the Missouri Minimum Wage and Hour Law ("MWHL") entitle Plaintiff to overtime pay when she works more than forty hours weekly. Despite this obligation, Plaintiff alleges, Defendants failed to pay overtime, though she sometimes worked more than forty hours weekly. Plaintiff brings three counts against Defendants. Count One alleges FLSA violations based on failure to pay overtime.

1

Count Two alleges MWHL violations for failure to pay overtime. Count Three argues unjust enrichment for the same alleged failure.

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

### I. Genuine questions of material fact remain as to whether Plaintiff fits into the administrative capacity exemption of the FLSA

The FSLA exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from its rules regarding minimum wages and maximum hours. 29 U.S.C.A. § 213(a)(1). The relevant analysis under the FSLA is identical to the analysis for Plaintiff's MWHL allegation. Mo. Ann. Stat. § 290.505.4. To prove an employee fits into the administrative capacity exemption, the employer must show the employee:

> (1) Compensated on a salary or fee basis at not less than [$684 weekly];
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200.

The parties do not appear to contest that Plaintiff's salary of $7,000 monthly satisfies the exemption's first requirement. Rather, disagreement concerns whether Plaintiff's work: 1) "related to the management or general business operations of the employer or the employer's customers" and 2) "include[d] the exercise of discretion and independent judgment with respect to matters of significance." § 541.200.

Under the second prong of the exemption, for an employee's work to be "directly related to the management or general business operations" her work must directly relate to "assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). The regulation specifically instructs that, "work directly related to management or general business operations includes, but is not limited to, work in functional areas such as…finance; accounting; budgeting… purchasing; procurement…"§ 541.201(b).

Under the third prong, "exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term 'matters of significance' refers to the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a). The relevant regulations instruct courts to take a broad look into the particular employment area at issue. § 541.202(b).

Plaintiff was hired as an office manager at Stephanie Mooris Nissan, LLC sometime around May 2022. She began work on or about June 7, 2022. Plaintiff described job duties including, "Booking customer deals, daily deposits, file [sic] out customer paperwork, research data that was not converted correctly into new data system, payoff and floor vehicles on commercial credit floorplan with NMAC. Help customers, answer phones, organize and train new employees on software system. Work on implementing and adopting company policies and implanting a new handbook." (Doc. 52 at 16). More specifically, the bulk of Plaintiffs' duties appear to relate to the Dealership's inventory financing plan, referenced by the parties as a "floor plan." According to Defendants, the Dealership's floor plan functioned like a revolving line of credit, whereby the Dealership would receive a line of credit to purchase a vehicle. Once the Dealership possessed a vehicle purchased through the floor plan, the vehicle became subject to various terms and conditions, ostensibly imposed by the lender, regarding the sale of that vehicle to a consumer.

Plaintiff and Defendants characterize Plaintiff's duties related to the floor plan differently. Defendants repeatedly refer to Plaintiff as a "manager" of the program, while Plaintiff contends her role was more akin to simple data entry. According to Plaintiff, she simply effectuated the desires of her superiors with respect to the Dealership's purchasing and inventory of vehicles. This, Plaintiff contends, makes her job much more like selling a product in a retail environment rather than "running or servicing" the Dealership. It does not appear to be in dispute, however, that the floor plan refers to the Dealership's method of procuring inventory on credit for sale to customers. Relatedly, Defendants point to Plaintiff's check-signing authority as evidence that she possessed some decision-making authority over certain financial aspects of the job. Plaintiff, however, contends that, while her name appears on checks written as part of the Dealership's floor plan, any

4

Case 2:22-cv-04157-MDH   Document 66   Filed 07/22/24   Page 4 of 6

check written was approved and/or scrutinized by superiors. Her ability to write checks, therefore, was entirely clerical in nature and reflected no independent judgment.

Altoghter, this Court finds that material disagreement exists between the parties related to the nature of Plaintiff's professional duties as an office manager at the Dealership, thereby precluding summary judgment. Though some disagreement exist as to the second prong of the exception, this Court finds this to be *de minimis*. The bulk of Plaintiff's work related to the Dealership's floor plan, which involves finance, accounting, budgeting, purchasing, and procurement. These types of tasks are all specifically listed by the regulation as inclusive of the management or general business operations of a business. Significant disagreement exists, however, related to the third prong of the exception, specifically concerning whether Plaintiff's job involved independent decision making or whether it was more ministerial in nature. (Doc. 52 at 17-20). This disagreement is arguably intensified by Plaintiff's brief stint in her role as office manager, further complicating the question of whether Plaintiff's primary duty involved exercising independent judgment. This disagreement, contrary to the argument advanced in Defendants' reply suggestions, is sufficiently material to preclude summary judgment on Plaintiff's Counts One and Two under the FLSA and MWHL.[1]

## II. Plaintiff's Count Three Unjust Enrichment

Defendants claim that Plaintiff's Count Three unjust enrichment claim fails because Plaintiff's employment was guided by a valid contract arising from an email conversation between Plaintiff and Defendants discussing her hiring and the terms of her employment. "It is a well-settled principle of law that implied contract claims arise only where there is no express contract." *Lowe*

---

[1] In her opposition, Plaintiff appears to ask this Court for liquidated damages. This proves confusing, as Plaintiff has not moved for summary judgment. To the extent Plaintiff believes her opposition reflects her own summary judgment motion, such a motion is **DENIED**.

*v. Hill*, 430 S.W.3d 346, 349 (Mo. Ct. App. 2014). Plaintiff failed to respond to this argument in her opposition. This Court agrees with Defendants that the contract between Plaintiff and Defendants precludes Plaintiff's unjust enrichment allegation in Count Three. Summary judgment is therefore entered in favor of Defendants as to Count Three.

**IT IS SO ORDERED**.

DATED: July 22, 2024                               */s/ Douglas Harpool*
                                                                                  **DOUGLAS HARPOOL**
                                                                                  **UNITED STATES DISTRICT JUDGE**